**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4430**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTRESE ANTOINE SNUGGS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00229-CCE-1)

———————

Submitted:  September 30, 2024                    Decided:  October 16, 2024

———————

Before KING and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montrese Antoine Snuggs pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), pursuant to a plea agreement in which he retained the right to appeal the district court's denial of his suppression motion. The district court sentenced Snuggs to 120 months of imprisonment, and he now appeals. On appeal, Snuggs challenges the district court's denial of his motion to suppress the evidence seized at his residence when probation officers and police conducted a warrantless search. Snuggs, who was on probation in North Carolina at the time of the search, argues that authorities failed to comply with the warrantless search requirements listed in N.C. Gen. Stat. § 15A-1343(b)(13) (2023). Snuggs also maintains that the officers did not have reasonable suspicion necessary to justify the search. Finding no error, we affirm.

"In considering the district court's denial of [a] motion to suppress, we review that court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018). Ordinarily, authorities must have a warrant before searching a person's home. *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987). However, the Fourth Amendment allows for warrantless searches "when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." *Id.* (internal quotation marks omitted). Special needs include a state's operation of its probation system. *Id*. at 873-74; *see United States v. Midgette*, 478 F.3d 616, 622-24 (4th Cir. 2007). The standard conditions of Snuggs' probation and § 15A-1343(b)(13) authorized law enforcement to search his home without a warrant, so long as the search

2

occurred (1) at a reasonable time, (2) when he was present, and (3) for a purpose "directly related to [his] supervision." N.C. Gen. Stat. § 15A-1343(b)(13).

Snuggs first argues that the officers did not comply with these requirements because he was not present for the search. As Snuggs raises this argument for the first time on appeal, we review it for plain error. *United States v. Caldwell*, 7 F.4th 191, 211 (4th Cir. 2021). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (internal quotation marks omitted). If the defendant satisfies these requirements, we will grant relief only if the error "had a serious effect on the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We have reviewed the record and conclude that Snuggs has failed to demonstrate that the district court plainly erred.

Snuggs also maintains that the search was part of a broader investigation unrelated to his probation supervision. However, the record demonstrates that the probation officers initiated the search because Snuggs, in violation of his probation, had tested positive for a controlled substance at least three times in the preceding 6 to 12 months. The search was initiated, therefore, "in direct response to [Snuggs'] actions, which not only violated [his] probation conditions but were also unlawful." *State v. Lucas*, 880 S.E.2d 418, 430 (N.C. Ct. App. 2021) (finding search directly related to probation purposes where defendant's positive drug tests prompted warrantless search to ensure she was complying with probation conditions). The district court correctly concluded that the search was directly

related to Snuggs' supervision and thus complied with the statutory requirements for a probationer search. Therefore, "no Fourth Amendment violation occurred," and we need not determine whether the officers had reasonable suspicion to conduct the search. *United States v. Scott*, 941 F.3d 677, 686 (4th Cir. 2019); *see id.* at 686 n.5 (noting that where warrantless search did not violate the Fourth Amendment under special needs exception established in *Griffin*, courts do not have to analyze constitutionality of search under Fourth Amendment balancing test).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*